UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANGELA BADAGON,<br><br>        Defendant. | Case No.: 1:11-cv-00736 -LJO-BAM<br><br>ORDER DENYING MOTION FOR SUBPOENAS WITHOUT PREJUDICE<br><br>(ECF No. 27) |

    Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed May 9, 2011, against Defendant Badagon for excessive force in violation of the Fourteenth Amendment.

    On August 28, 2013, the Court issued a Second Scheduling Order in this action, which set a jury trial for February 19, 2014, and informed Plaintiff of the procedures for securing the attendance of both detained and non-detained witnesses at trial.  (ECF No. 22.)

    On September 27, 2013, Plaintiff filed five (5) completed subpoenas and four (4) blank subpoenas.  (ECF No. 27.)  The Court construes Plaintiff's filing as a motion requesting the issuance of subpoenas for the appearance of certain witnesses at trial.  However, Plaintiff has failed to comply with the procedures outlined in the Second Scheduling Order for obtaining the attendance of detained and non-detained witnesses.  Further, the Court cannot determine from the face of the subpoenas

whether or not Plaintiff is seeking the attendance of detained or non-detained witnesses. To the extent these witnesses are not detained, the Court will not direct the United States Marshal to serve the subpoenas without the provision of required witness and mileage fees. With regard to such witnesses, the Second Scheduling Order states:

> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

(ECF No. 22, p. 4.)

Plaintiff's motion requesting the issuance of subpoenas is DENIED without prejudice. Plaintiff is directed to familiarize himself with the procedures outlined in the Second Scheduling Order. If Plaintiff seeks to obtain the attendance at trial of non-detained witnesses who refuse to testify voluntarily, then Plaintiff must notify the Court of the names and locations of his witnesses on or before November 22, 2013.

IT IS SO ORDERED.

Dated:   **October 16, 2013**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE