UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>  Plaintiff,<br><br> v.<br><br>ANGELA BADAGON,<br><br>  Defendant. | Case No.: 1:11-cv-00736 -LJO-BAM<br><br>ORDER DENYING (1) PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ORDER DENYING MOTION FOR SUBPOENAS WITHOUT PREJUDICE AND (2) PLAINTIFF'S REQUEST FOR APPEAL FORMS<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR A COPY OF THE SECOND SCHEDULING ORDER AND DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A COPY OF THE SECOND SCHEDULING ORDER<br>(ECF No. 29) |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed May 9, 2011, against Defendant Badagon for excessive force in violation of the Fourteenth Amendment. On August 28, 2013, the Court issued a Second Scheduling Order, which scheduled a jury trial for February 19, 2014, and set forth the procedures for securing the attendance of witnesses at trial. (ECF No. 22.)

On September 27, 2013, Plaintiff submitted several completed and blank subpoenas. The Court construed Plaintiff's filing as a motion requesting the issuance of subpoenas for the appearance of certain witnesses at trial, but Court denied the request without prejudice on October 17, 2013,

1

because Plaintiff failed to comply with the procedures outlined in the Second Scheduling Order for obtaining the attendance of witnesses. The Court instructed Plaintiff on the proper procedure, including the requirement that Plaintiff submit witness and mileage fees to secure the attendance of non-detained witnesses. (ECF No. 28.)

On October 25, 2013, Plaintiff filed the instant opposition to the Court's order denying his motion for subpoenas without prejudice. The Court construes Plaintiff's motion as one for reconsideration of the Court's order denying his request for subpoenas without prejudice.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

In his papers, Plaintiff disagrees with the Court's denial of his request for the issuance of subpoenas because he cannot afford to pay the required witness fees. Plaintiff's disagreement alone is not a sufficient basis to grant a motion for reconsideration. Plaintiff again is informed that the tendering of witness fees and travel expenses is required even if he is proceeding in forma pauperis. There is no statutory authorization for the Court or the United States Marshal to expend public funds for witness and travel expenses even if Plaintiff pleads poverty. However, Plaintiff is not prevented from testifying on his own behalf at trial.

Insofar as Plaintiff requests forms to appeal "the loss of this case due to his poverty," Plaintiff's request is premature. (ECF No. 29, p. 2) This action has not proceeded to trial and a final judgment has not been entered.

To the extent Plaintiff claims he never received a copy of the Court's Second Scheduling Order, the Court will direct the Clerk of the Court to send Plaintiff an additional copy of the Second Scheduling Order.

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for reconsideration of the Court's order denying his motion for subpoenas without prejudice is DENIED;
2. Plaintiff's request for appeal forms is DENIED as premature; and
3. Plaintiff's request for a copy of the Second Scheduling Order is GRANTED. The Clerk of the Court is directed to send Plaintiff a copy of the Second Scheduling Order issued on August 28, 2013.

IT IS SO ORDERED.

Dated: **October 28, 2013**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE