UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANGELA BADAGON,<br><br>　　　　Defendant.<br>_____<br><br>RELATED ACTION 1:13-cv-00906 LJO-BAM PC<br>_____ | CASE No. 1:11-cv-00736-LJO-BAM PC<br>　　　　　1:13-cv-00906-LJO-BAM PC<br><br>ORDER CONSOLIDATING ACTIONS AND DESIGNATING LEAD CASE AS 1:11-cv-00736-LJO-BAM PC<br><br>ORDER FOR CLERK TO CLOSE CASE 1:13-cv-00906-LJO-BAM PC |

**I.     Procedural History**

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se in these civil rights actions pursuant to 42 U.S.C. § 1983. On May 9, 2011, Plaintiff filed a complaint in 1:11-cv-00736-LJO-BAM. On June 14, 2013, Plaintiff filed a complaint in 1:13-cv-00906-LJO-BAM.

On October 30, 2013, Defendants in both actions filed a motion for consolidation. On November 21, 2013, Plaintiff filed an opposition to the motion for consolidation in 1:13-cv-00906-LJO-BAM. On December 13, 2013, Defendant filed a reply in 1:11-cv-00736-LJO-BAM. The motion in both actions is deemed submitted. Local Rule 230(l).

///

1

## II. Complaint Allegations

### A. 1:11-cv-00736-LJO-BAM

Plaintiff, a patient at Coalinga State Hospital, brings suit against an employee of the hospital, Angela Balcagon (erroneously sued as Badagon). Plaintiff alleges that Defendant Balcagon assaulted him by striking him in the chest and kicking him in the legs on January 13, 2011.

This action is set for jury trial on February 19, 2014.

### B. 1:13-cv-00906-LJO-BAM

Plaintiff brings suit against two employees of Coalinga State Hospital, Samantha Perryman and Charlotte Harder (erroneously sued as Havder). Plaintiff alleges that on May 20, 2013, Defendants Perryman and Havder transferred Plaintiff from Unit Two at Coalinga State Hospital to Unit One. Jonny Lopez, a Unit Two Nurse, warned Defendants that placing Plaintiff in Unit One would present a danger to Plaintiff's life and health because Angela Balcagon, a nurse who worked in Unit One, had allegedly harmed Plaintiff on a prior occasion. Twenty minutes after Defendants transferred Plaintiff to Unit One, Nurse Balcagon struck Plaintiff in the face with a broom handle.

This action is currently in the discovery stage.

## III. Consolidation of Actions

Consolidation is governed by Federal Rule of Civil Procedure 42. Rule 42(a) provides as follows:

If actions before the court involve a common question of law or fact, the court may:

(1)   join for hearing or trial any or all of the matters at issue in the actions;

(2)   consolidate the actions; or

(3)   issue any other orders to avoid unnecessary cost or delay.

Fed.R.Civ.P. 42(a).

Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir.1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and

is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir.1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir.1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal.1989).

      Here, the two actions pending before the Court involve common questions of law and fact. Fed. R. Civ. P. 42(a). Specifically, they both concern the same allegations that Defendant Balcagon allegedly harmed Plaintiff in January 2011. If the actions are not consolidated, there will be a duplication of effort by the court and parties in trying the same facts twice and there will be a possibility of inconsistent verdicts by different juries. Therefore, to aid in the efficient and economic disposition of these cases and to avoid inconsistent verdicts, the Court in its discretion shall order Plaintiff's actions consolidated.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Cases 1:11-cv-00736-LJO-BAM and 1:13-cv-00906-LJO-BAM shall be consolidated into a single case;
2. The operative complaints in both actions are deemed consolidated into 1:11-cv-00736-LJO-BAM;
3. The Clerk of the Court shall docket this order in both cases; and
4. The Clerk of the Court shall close case 1:13-cv-00906-LJO-BAM.

IT IS SO ORDERED.

  Dated:   **December 16, 2013**          **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE