UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>            Plaintiff,<br><br>     v.<br><br>ANGELA BADAGON, et al.,<br><br>            Defendants.<br>_____<br><br>CONSOLIDATED ACTION<br>_____ | Case No.: 1:11-cv-00736 -LJO-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES<br><br>(ECF No. 46)<br><br>THIRTY-DAY DEADLINE |

**I.    Background**

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Balcagon for excessive force in violation of the Fourteenth Amendment and against Defendants Perryman and Harder for failure to protect in violation of the Fourteenth Amendment.[1]

On March 6, 2014, Defendants Perryman and Harder filed a motion to compel Plaintiff's responses to their Special Interrogatories and their Demands for Identification and Production of Documents, Sets One. (ECF No. 46.) Plaintiff opposed the motion on March 14, 2014. (ECF No. 47.) Defendants did not reply. The motion is deemed submitted. Local Rule 230(l).

---

[1] Defendant Balcagon was sued as "Angela Badagon." Defendant Harder was sued as "Charlotte Havder."

1

**II.     Motion to Compel Discovery**

On October 25, 2013, Defendant Perryman and Defendant Harder each served Plaintiff with a Demand for Identification and Production of Documents, Set One.  On November 12, 2013, Defendant Perryman and Defendant Harder each served Plaintiff with Special Interrogatories, Set One.  Plaintiff did not respond.  On December 11, 2013, and January 13, 2014, Defendants' counsel sent a meet and confer letter to Plaintiff asking that he respond within ten days of each letter.  Plaintiff did not respond to the letters.  (ECF No. 46-1, Declaration of Andreas O. Garza, ¶¶ 3-6 and Exs. A, B and C.)

Defendants now move to compel responses pursuant to Federal Rule of Civil Procedure 37. Rule 37 provides that a motion to compel may be filed when a party fails to answer interrogatories or fails to produce documents following a good faith attempt to confer in an effort to obtain a response. Fed.R.Civ.P. 37(a)(3)(B).

**1. Interrogatories**

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 33, 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made.  <u>Evans v. Tilton</u>, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

Defendants move to compel responses to their special interrogatories.  Plaintiff's opposition to the motion to compel is difficult to understand, but provides no apparent basis to deny Defendants' motion.  Rather, Plaintiff takes issue with a purported agreement reached with defense counsel regarding documents from Plaintiff's medical file.  Plaintiff also complains that he would not normally give up his knowledge to defense counsel.  These issues and complaints do not justify Plaintiff's failure to respond to Defendants' interrogatories.

Defendants are entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). That Plaintiff would not normally provide his knowledge to Defendants is not a valid objection.

Accordingly, the Court will grant Defendants' motion to compel responses to their interrogatories. Plaintiff shall be required to answer the interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

**2.      Requests for Production of Documents**

In responding to requests for production, Plaintiff must produce documents or other tangible things which are in his "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

Defendants move to compel responses to their requests for production of documents. The requests at issue seek Plaintiff's medical records, documents relating to Plaintiff's action against Defendant Balcagon, documents relating to the May 20, 2013 incident, and documents supporting Plaintiff's contention that Defendants Perryman and Harder were deliberately indifferent to Plaintiff's safety. (ECF No. 46-1, Ex. A.) Defendants indicate that they have received medical records from Coalinga State Hospital, which were obtained via a release.

In his opposition, Plaintiff explains that he agreed to the release with the expectation that he would receive copies of documents from his medical file free of charge. Plaintiff now complains about being charged for the cost of copies. This complaint does not justify Plaintiff's failure to

3

respond to Defendants' requests for production of documents. As noted above, Plaintiff's complaint that he would not normally give up his knowledge also is not a valid objection.

Accordingly, the Court will grant Defendants' motion to compel responses to their requests for production of documents. Plaintiff shall be required to provide documents responsive to Defendants' requests without objections. Fed. R. Civ. P. 34(b)(2)(B).

### III.  Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel discovery responses, filed on March 6, 2014, is GRANTED;
2. Within thirty (30) days of the date of this order, Plaintiff shall serve answers to Defendant Perryman's Special Interrogatories and to Defendant Harder's Special Interrogatories. Plaintiff must answer each interrogatory separately and fully in writing and under oath; and
3. Within thirty (30) days of the date of this order, Plaintiff shall produce documents responsive to Defendant Perryman's Demand for Identification and Production of Documents, Set One, and Defendant Harder's Demand for Identification and Production of Documents, Set One.

IT IS SO ORDERED.

Dated:   **April 4, 2014**                      /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE