UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No.: 1:11-cv-00736 -LJO-BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | (ECF No. 52) |
| ANGELA BADAGON, | |
| Defendant. | |
| CONSOLIDATED ACTION | |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Balcagon for excessive force in violation of the Fourteenth Amendment and against Defendants Perryman and Harder for failure to protect in violation of the Fourteenth Amendment.[1] Defendant Balcagon filed an answer on July 24, 2012. Defendants Perryman and Harder answered the complaint on October 16, 2013.

On December 17, 2013, the Court consolidated 1:11-cv-00736-LJO-BAM and 1:13-cv-00906-LJO-BAM. The Court ordered that the operative complaints in both actions be deemed consolidated

---

[1] Defendant Balcagon was sued erroneously as "Angela Badagon." Defendant Harder was sued erroneously as "Charlotte Havder."

1

into the instant action.  The Court neither required Plaintiff to file an amended complaint consolidating his allegations, nor did it order Defendants to file a consolidated answer.  (ECF No. 40.)

On April 14, 2014, Plaintiff filed the instant motion for default judgment.  Although difficult to discern, it appears that Plaintiff seeks default judgment against Defendant Balcagon based on an apparent belief that the Court has not screened the two joined cases and that Defendant Balcagon has not submitted an answer to the joined cases.  Plaintiff also claims that Defendants have failed to comply with discovery.  (ECF No. 52.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process.  Hollis v. York, 2012 WL 1345754, *1 (E.D. Cal. Apr. 16, 2012).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits."  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and citations omitted).

Here, Plaintiff may not receive an entry of default judgment, because there has been no entry of default against Defendant Balcagon.  As indicated above, Defendant Balcagon has answered and appeared in this action, rendering default unavailable.  Further, the Court has not ordered a consolidated complaint or an answer to any such complaint.  Plaintiff's remaining assertions regarding discovery responses are unavailing.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment, filed April 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2014**            /s/ Barbara A. McAuliffe           
                                     UNITED STATES MAGISTRATE JUDGE