UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANGELA BADAGON,<br><br>        Defendant.<br>_____<br><br>CONSOLIDATED ACTION<br>_____ | Case No.: 1:11-cv-00736 -LJO-BAM<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR FEDERAL INQUEST<br>(ECF No. 53) |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Balcagon for excessive force in violation of the Fourteenth Amendment and against Defendants Perryman and Harder for failure to protect in violation of the Fourteenth Amendment. Defendant Balcagon filed an answer on July 24, 2012. Defendants Perryman and Harder answered the complaint on October 16, 2013, before this action was consolidated on December 17, 2013.

Following consolidation, on December 18, 2013, the Court issued an Amended Discovery and Scheduling Order for the limited purpose of discovery on the claim against Defendants Perryman and Harder. Pursuant to that order, the deadline to complete all discovery regarding the claim against

Defendants Perryman and Harder was March 22, 2014.  The dispositive motion deadline for all claims is April 24, 2014.  (ECF No. 41.)

On April 14, 2014, Plaintiff filed the instant motion for a state and federal inquest and sanctions.  Plaintiff contends that defense counsel conducted an improper deposition in the latter part of March 2014. Plaintiff argues that the deposition should not have been permitted because discovery had not been opened in this action.  Plaintiff claims that he was recently notified that discovery had not been opened when he filed a motion for default judgment.  Plaintiff claims that all of his motions in this action have been denied because discovery has not been opened.  (ECF No. 53.)

There is no basis for the Court to order an inquest regarding the deposition conducted in March 2014.  Plaintiff's assertion that discovery had not been opened in this action is not correct.  As noted above, the Discovery and Scheduling Order issued on December 18, 2013, expressly indicated that discovery was to proceed on Plaintiff's claims against Defendants Perryman and Harder and that discovery must be completed by March 22, 2014.

Plaintiff's further assertion that his recent motions for default judgment and discovery were denied because discovery had not been opened also is not correct.  According to the docket in this matter, the Court has not ruled on Plaintiff's pending motion to compel discovery filed on March 4, 2014, or on his pending motion for default judgment filed on April 14, 2014.  Plaintiff may be confusing this case with one or more of his other cases currently pending in the Eastern District of California, including at least two other actions naming Defendant Perryman:   (1) <u>Cranford v. Perryman, et al.</u>, Case No. 1:13-cv-00763 BAM; and (2) <u>Cranford v. Perryman, et al.</u>, Case No. 1:13-cv-00853 GSA.

Accordingly, Plaintiff's request for an inquest and sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **April 16, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2