UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANGELA BADAGON, et al.,<br><br>        Defendants.<br><br>CONSOLIDATED ACTION | Case No.: 1:11-cv-00736 -LJO-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY<br><br>(ECF No. 45, 57) |

      Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 6, 2014, Plaintiff filed the instant motion to compel discovery.  (ECF No. 45.)  On April 4, 2014, the Court directed Defendants to file a response to Plaintiff's motion to compel.  (ECF No. 49.)  In compliance with the Court's order, Defendants filed a response on April 7, 2014.  (ECF No. 51.)  On April 14, 2014, Plaintiff filed a document entitled "Compliance to Descovery of Spechal of Spechal Documents and Motion of Inquest."  (ECF No. 57) (reproduced as written).  Although styled as a motion, the document appears to be a reply to Defendants' opposition to Plaintiff's motion to compel.  The Court therefore construes the document as Plaintiff's reply and the motion to compel is deemed submitted.  Local Rule 230(l).

///

1

**I.     Motion to Compel**

In February 2014, Plaintiff served Defendants with a request for production of documents. (ECF No. 45, p. 1; ECF No. 51, Ex. B.) Defendants served objections to the request for production of documents on March 5, 2014. (ECF No. 51, Ex. B.) Plaintiff now claims that he has not received the requested documents.

## A.  Requests for Production of Documents

Rule 37 provides that a motion to compel may be filed when a party fails to produce documents. Fed.R.Civ.P. 37(a)(3)(B). In responding to requests for production, Defendants must produce documents or other tangible things which are in their "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

## B.  Discussion

Plaintiff contends that he did not receive a complete copy of his requested health records. Plaintiff also contends that he did not receive requested documents that include (1) all photographs of all bruises Plaintiff sustained as a result of being assaulted by previous staff members in their position of authority; (2) the report taken by Nurse Johnny Lopez the day after the assaults took place and Plaintiff showed him the bruise; and (3) all patients' rights complaints filed from May 20, 2013, to March 5, 2014, regarding the improper treatment and care of Plaintiff and other patients assigned to Unit 1 of Coalinga State Hospital.

Defendants counter that Plaintiff has been provided an exact copy of the health record that Coalinga State Hospital provided to Defendants. (ECF No. 51, Ex. A.) Defendants also counter that the requests set forth in Plaintiff's motion are different from the Request for Production of Documents served on Defendants. (ECF No. 51, Ex. B.)

Plaintiff did not provide the Court with a copy of the requests at issue. However, the Request for Production of Documents submitted by Defendants includes the following three requests from Plaintiff:

(1)     all patients complaints filed on or before November 29th 2013 untill Febury 6th 2014.

2

(2)   all assaults by colinga state hospital employees on or befor may 20th 2013 at 3:00 pm until febury 11.2014

(3)   All verbal abuse on a patient by a colinga state hospital produced and pervaded by NOD ordered by physchioulagust (DOCTOR) on and be fore Janurry 31st 2014 unitill Febury 11th 2014

(ECF No. 51, Ex. B, pp. 8-9.) (reproduced as written).

With respect to Request No. 1 regarding patient complaints, Defendants objected to production on the grounds that these documents were equally available to Plaintiff or that they were contained in the health records already provided to Plaintiff. (ECF No. 51, Ex. B.)  With respect to Requests Nos. 2 and 3, Defendants objected to their production on the grounds that the requests were vague and unintelligible and Defendants were unable to provide a response. (ECF No. 51, Ex. B.)

Having considered Plaintiff's moving papers, Defendants' opposition and Plaintiff's reply, the Court does not find any basis to compel further responses to discovery. Plaintiff has received copies of all health records obtained by Defendants, which appear to include legal information and social history. (ECF No. 51, Ex. A, p. 5.)  To the extent Plaintiff seeks his own complaints and documents contained in his records, Defendants objected that those records are equally available to Plaintiff or are included in the medical records already provided. Defendants' objection is sustained and Plaintiff's motion to compel a further response is denied.

With regard to Plaintiff's remaining requests, Plaintiff's motion to compel does not appear to correspond with the requests served on Defendants. In particular, Plaintiff has not requested photographs, staff reports or patients' rights complaints filed from May 20, 2013 to March 5, 2014, regarding the improper treatment and care of Plaintiff and other patients assigned to Unit 1 of Coalinga State Hospital. However, to the extent these items are specific to Plaintiff and contained in his records at Coalinga State Hospital, these records are equally available to Plaintiff. Although Plaintiff complains that he is unable to possess photos because the chemicals used to mount the photos poses a serious risk to the safety and security of the institution, there is no indication that he cannot obtain color photocopies printed on regular paper. Plaintiff does not state whether he requested or

received such copies.  If Plaintiff is unable to obtain such copies, and to the extent such photographs are available, Plaintiff may renew his request to compel their production.

Plaintiff also complains that the report prepared by Nurse Lopez is missing from his medical records.  However, Defendants cannot be compelled to produce documents that are unavailable.  Defendants have indicated that Plaintiff has been provided with copies of all documents that Defendants received from Coalinga State Hospital.  Based on this representation, Defendants have produced all documents in their custody and control obtained from Plaintiff's medical file.

Plaintiff reports that there also are records from the "out of the hospital nurve [sic] doctor that pays visits and treats patients from time to time." (ECF No. 57, p. 1.)  It is not clear whether such records are contained in Plaintiff's medical file at Coalinga State Hospital or are in the custody of the third-party doctor.  If these records are maintained in Plaintiff's medical file, then these records are equally available to Plaintiff.  To the extent that these records are in the possession of the nerve doctor, Plaintiff is not precluded from seeking a subpoena duces tecum to obtain documents in the possession of a third party.  Such documents would not be in the "possession, custody or control" of Defendants.

The Court finds that Defendants' remaining objections to the Request for Production of Documents should be sustained.  Requests Nos. 2 and 3 are unclear and unintelligible, making it impossible for Defendants to provide a substantive response.  There is no indication that Plaintiff made any effort to clarify his requests after Defendants served their objections on March 5, 2014.

**II.    Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel further discovery, filed on March 6, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 18, 2014**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE

4