1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   ARCHIE CRANFORD,                          )   Case No.: 1:11-cv-00736 -LJO-BAM
                                                )
12              Plaintiff,                      )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                                )   DEFAULT JUDGMENT
13        v.                                    )   (ECF No. 63)
                                                )
14   ANGELA BADAGON,                            )
                                                )
15              Defendant.                      )
                                                )
16   _____        )
                                                )
17   CONSOLIDATED ACTION                        )
                                                )
18   _____        )

19        Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma

20   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against

21   Defendant Balcagon for excessive force in violation of the Fourteenth Amendment and against

22   Defendants Perryman and Harder for failure to protect in violation of the Fourteenth Amendment.[1]

23   Defendant Balcagon filed an answer on July 24, 2012.  Defendants Perryman and Harder answered the

24   complaint on October 16, 2013.

25        On December 17, 2013, the Court consolidated 1:11-cv-00736-LJO-BAM and 1:13-cv-00906-

26   LJO-BAM.  The Court ordered that the operative complaints in both actions be deemed consolidated

27   _____

28   [1] Defendant Balcagon was sued erroneously as "Angela Badagon."  Defendant Harder was sued erroneously as "Charlotte Havder."

1

1    into the instant action.  The Court neither required Plaintiff to file an amended complaint consolidating

2    his allegations, nor did it order Defendants to file a consolidated answer.  (ECF No. 40.)

3        On April 14, 2014, Plaintiff filed a motion for default judgment.  Although difficult to discern,

4    it appeared that Plaintiff sought default judgment against Defendant Balcagon based on an apparent

5    belief that the Court has not screened the two joined cases and that Defendant Balcagon had not

6    submitted an answer to the joined cases.  Plaintiff also claimed that Defendants had failed to comply

7    with discovery.  (ECF No. 52.)

8        On April 16, 2014, the Court denied Plaintiff's motion for default judgment, noting that there

9    had been no entry of default against Defendant Balcagon.  The Court also noted that Defendant

10   Balcagon had answered and appeared in this action, which rendered default unavailable.  Additionally,

11   the Court clearly stated that it had not ordered a consolidated complaint or any answer to such

12   complaint.  (ECF No. 54.)

13       Despite the Court's order denying default judgment, Plaintiff filed the instant motion for entry

14   of default against Defendants Balcagon, Perryman and Harder for failure to plead or otherwise defend

15   and for entry of default judgment.  (ECF No. 63.)

16       Entry of default is appropriate as to any party against whom a judgment for affirmative relief is

17   sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure

18   and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of

19   default, the plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default

20   judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided

21   upon their merits."  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and

22   citations omitted).

23       Here, Plaintiff may not obtain entry of default or default judgment in this action.  Defendant

24   Balcagon answered the complaint in this action on July 24, 2012.  (ECF No. 12.)  Prior to

25   consolidation, Defendants Perryman and Harder answered the complaint in 1:13-cv-00906 on October

26   16, 2013.  (See Cranford v. Perryman, 1:13-cv-00906-LJO-BAM, ECF No. 17.)  Following

27   consolidation, the Court did not order the filing of a consolidated complaint or an answer to any such

28   complaint.  Defendants Balcagon, Perryman and Harder have all appeared and defended the

1 | consolidated action.  Thus, entry of default and default judgment are not available against these

2 | defendants.  Cf. Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 927–28 (9th

3 | Cir.2004) (if party appeared, clerk's entry of default void *ab initio*).

4 |         Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default and

5 | default judgment, filed May 8, 2014, is DENIED.

6 |

7 | IT IS SO ORDERED.

8 |    Dated:   **May 15, 2014**                    /s/ *Barbara A. McAuliffe*

9 |                                              UNITED STATES MAGISTRATE JUDGE

3