# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No. 1:11-cv-00736-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| ANGELA BADAGON, et al., | (Doc. 48) |
| Defendants. | FOURTEEN-DAY DEADLINE |

Plaintiff Archie Cranford, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2011.  On March 17, 2014, Plaintiff filed a motion seeking a temporary restraining order prohibiting Defendants Balcagon, Perryman and Harder[1] from coming within 50,000 feet of him and mandating that Plaintiff remain in his current housing location.  (ECF No. 48.)  Defendants filed an opposition on April 30, 2014.  (ECF No. 62.)  Plaintiff replied on May 9, 2014.  (ECF No. 65.)

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must

---

[1] Defendant Balcagon was sued erroneously as "Angela Badagon."  Defendant Harder was sued erroneously as "Charlotte Havder."

1   establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

2   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

3   in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a

4   *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

5        In this case, Plaintiff has not demonstrated likelihood of success on the merits, likelihood

6   of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest.

7   Plaintiff has filed motions in numerous other cases seeking a similar restraining order against the

8   defendants in those cases.  See, e.g., Cranford v. Perryman, et al., Case No. 1:13-cv-00763-BAM,

9   ECF No. 21; Cranford v. Crawford, Case No. 1:14-cv-00055-MJS, ECF No. 13; Cranford v.

10   Wyatt, Case No. 1:14-cv-00136-DLB, ECF No. 8; Cranford v. Ceballos, 1:14-cv-00210-BAM,

11   ECF No. 7; Cranford v. Palos, 1:14-cv-00242-SKO, ECF No. 8.

12        Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary

13   restraining order, filed on March 17, 2014, be DENIED.  Fed. R. Civ. P. 65; Local Rule 231;

14   *Winter*, 555 U.S. at 24.

15        These findings and recommendations will be submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14)

17   days after being served with these findings and recommendations, Plaintiff may file written

18   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

19   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

21   1153 (9th Cir. 1991).

22

23   IT IS SO ORDERED.

24      Dated:   **June 12, 2014**            /s/ *Barbara A. McAuliffe*

25                                 UNITED STATES MAGISTRATE JUDGE

26

27

28