1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>    v.<br><br>ANGELA BACLAGON,<br><br>              Defendant. | )  1:11-cv-00736-BAM<br>)<br>)  ORDER GRANTING DEFENDANT'S<br>)  MOTION IN LIMINE<br>)<br>)  (ECF No. 117)<br>)<br>)  ORDER REGARDING PLAINTIFF'S<br>)  MOTION TO COMPEL DISCOVERY<br>)<br>)  (ECF No. 135)<br>)<br>)  SUA SPONTE ORDER PRECLUDING<br>)  UNDULY PREJUDICIAL EVIDENCE<br>) |

        Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented magistrate judge jurisdiction in this matter. (ECF No. 112.) This matter proceeds to trial on Plaintiff's claim against Defendant Angela Baclagon for excessive force in violation of the Fourteenth Amendment. A jury trial is confirmed for January 26, 2016 at 8:30 a.m. in Courtroom 8 (BAM).

        On December 7, 2015, Defendant filed a motion in limine. (ECF No. 117.) Plaintiff filed an opposition to the motion, (ECF No. 128), and Defendant filed a reply in support, (ECF No. 131.) The motions were heard before the Honorable Barbara A. McAuliffe on January 21, 2016.

Plaintiff appeared telephonically on his own behalf. Andreas Oliver Garza, of the California Attorney General's Office, appeared telephonically on behalf of Defendant.

Later that same day, the Court also received and filed Plaintiff's motion to compel discovery, which is related to matters discussed at the hearing. (ECF No. 135.)  The Court is now ready to rule on these matters, including the motion to compel, without need for any further briefing or arguments. Local Rule 230(l).

## I.    Defendant's Motion in Limine

### A.    Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

### B.    Analysis

Defendant seeks to preclude Plaintiff from presenting evidence at trial of irrelevant allegations he made in an amended complaint which was struck by the Court, and in his pre-trial statement, pursuant to Federal Rule of Evidence 401. Specifically, Defendant seeks to exclude

1  evidence of the following: (1) Plaintiff's allegations that Defendant struck him with her fists and
2  kicked him in both legs in 2012, and struck him in the face with a long handled broom on May
3  20, 2014; and (2) Plaintiff's allegations that he was struck on the face and forcefully taken down
4  to the floor by other patients. (ECF No. 117, p. 2.)

5        Plaintiff opposes Defendant's motion in limine, arguing that the evidence of the assaults
6  by the other patients relate to this matter because those patients were attempting to get Plaintiff
7  to drop this lawsuit. (ECF No. 128, p. 1.) At oral argument, Plaintiff stated the take by the
8  patients happened sometime in 2014.  He states that the patients were working with Defendant.
9  Plaintiff also states that there are photographs of his body and face that support his allegations
10  that he was assaulted by other patients. (Id.) These photographs were discussed at length during
11  the hearing. The Court attempted to learn from Plaintiff when the photographs were taken, and
12  he responded in a conflicting manner. At times he said he was not sure when the photographs
13  were taken, at other times he said he believed the photographs were taken sometime in 2013 or
14  2014, and at other times he said he believed the photographs were taken after incidents in which
15  other patients or hospital staff other than the Defendant harmed him.

16        In the reply in support of the motion in limine, Defendant argues that Plaintiff's
17  opposition does not demonstrate the relevance of the allegations of any later assaults to the
18  January 13, 2011 incident at issue in this matter, and therefore the Court should not allow him to
19  present any evidence regarding those allegations. (ECF No. 131.)

20        "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it
21  would be without the evidence; and (b) the fact is of consequence in determining the action."
22  Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence
23  that Defendant assaulted Plaintiff in 2012 or on May 20, 2014 is not relevant to his claim in this
24  case that Defendant assaulted him earlier, on January 13, 2011. Evidence related to whether
25  those later assaults occurred does not make the alleged use of excessive force by Defendant years
26  earlier more or less probable. Also, to the extent Plaintiff were to present evidence of these other
27  alleged assaults by Defendant, it would likely cause confusion for the jury regarding the claim to
28  be decided here.

Likewise, evidence that other patients assaulted Plaintiff in an attempt to have him drop his lawsuit is not relevant to his claim that Defendant assaulted him. That evidence relates to people who are not involved in the incident at issue in this case. The presentation of this evidence would also confuse the jury regarding the issues to be decided here. Any photographs of injuries related to any alleged assaults other than the January 13, 2011 incident are irrelevant to Plaintiff's claim. Those photographs would not have any tendency to show whether or not Defendant used excessive force on him on January 13, 2011. The photographs are also likely to be prejudicial to Defendant to the extent Plaintiff attempts to connect them to the earlier assault by Defendant, and their lack of probative value is outweighed by that prejudicial effect.

In short, the only incident at issue in this case is the January 13, 2011 incident. All other incidents are irrelevant. For these reasons, Defendant's motion in limine is granted.

## II.  **Plaintiff's Motion to Compel Discovery**

As noted above, the issue of photographs was discussed at length during the hearing. Prior to the hearing, on December 16, 2015, the Court ordered Defendant to produce to Plaintiff at trial copies of photographs of his body which showed injuries allegedly incurred during the January 13, 2011 incident, that Plaintiff had represented were in the possession of the Coalinga State Hospital and/or hospital police. (ECF No. 120.) On January 12, 2016, Defendant filed a response to the order notifying Plaintiff and the Court that after a reasonable search and diligent inquiry, there were no responsive photographs to produce. (ECF No. 134.) Currently before the Court is Plaintiff's motion to compel the photographs despite Defendant's response. (ECF No. 135.)

At the January 21, 2016 hearing, the Court questioned Plaintiff and Defense Counsel about these matters.  As noted above, Plaintiff was inconsistent and contradictory regarding when photographs were taken of him, at times stating that the photographs related to incidents other than the January 13, 2011 incident and that they were taken in 2013 or 2014, years after the incident at issue. When the Court stated to Plaintiff that the photographs were not relevant because they were not related to or taken around the time of the January 13, 2011 incident, he again changed his assertions and said he believed photographs were taken on or around that day.

Defense Counsel was also questioned, and confirmed that he inquired of the hospital whether there were any photographs of Plaintiff, and he was informed no photographs existed.

The Court accepts Defense Counsel's representation that a diligent inquiry was made, and no photographs currently exist related to the January 13, 2011 incident that are in the possession of the hospital. Under Federal Rule of Civil Procedure 34, a party may request an opposing party to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Here, Defendant does not possess the photographs at issue, and Defendant cannot gain possession, custody or control of the photographs, because the entity that Plaintiff said possesses the photographs has informed Defense Counsel that it no longer possesses any photographs of Plaintiff.  Thus, Plaintiff's motion to compel discovery is denied. As was discussed at the January 21, 2016 hearing, Plaintiff may testify about what happened to him, what he saw and how he felt, and any injuries he has experienced, including any resulting symptoms or pain, stemming from the January 13, 2011 incident.

Also, Plaintiff noted in his motion that there was "no use in having a trial" if he does not have the photographs at the time of trial. (ECF No. 135, p. 1.) At the hearing, the Court specifically questioned Plaintiff regarding whether he wanted to move ahead with trial even though the photographs he seeks cannot be produced to him. He affirmed that he wanted to move forward with trial as scheduled.

## III.   Sua Sponte Order Precluding Unduly Prejudicial Evidence

The Court, on its own motion, is also precluding any evidence, testimony, arguments, or references to the terms "sexually violent predator" or "SVP," or the fact that SVPs, prior offenders, and or prior convicted prisoners are housed at Plaintiff's facility, or that Plaintiff has or had any of these status. This evidence is not relevant to Plaintiff's Fourteenth Amendment excessive force claim, Fed. R. Evid. 401, and even if such information were relevant, it should be excluded because its probative value is substantially outweighed by a danger of unfair prejudice,

Fed. R. Evid. 403. As discussed at the January 21, 2016 hearing, Plaintiff and the other patients at Coalinga shall be referred to as a "patient" or "detainee" anytime it is necessary to discuss his status or the status of other detainees at Coalinga State Hospital.

**IV.     Conclusion and Order**

          For the foregoing reasons, it is HEREBY ORDERED that:

          1.     Defendant's motion in limine (ECF No. 117) to preclude evidence about (1) Plaintiff's allegations that Defendant struck him with her fists and kicked him in both legs in 2012, and struck him in the face with a long handled broom on May 20, 2014; and (2) Plaintiff's allegations that he was struck on the face and forcefully taken down to the floor by other patients is granted, with the caveat that Plaintiff may testify as to matters in his personal experience, including about what happened to him, what he saw and how he felt, and any injuries he has experienced, including any resulting symptoms or pain, stemming from the January 13, 2011 incident;

          2.     Plaintiff's motion to compel discovery (ECF No. 135) is denied; and

          3.     The parties are precluded from introducing any evidence, testimony, arguments, or references to the terms "sexually violent predator" or "SVP," or the fact that SVPs, prior offenders, and or prior convicted prisoners are housed at Plaintiff's facility, or that Plaintiff has or had any of these statuses. Plaintiff and the other patients at Coalinga State Hospital shall be referred to as a "patient" or "detainee" anytime it is necessary to discuss their statuses.


IT IS SO ORDERED.

    Dated:   **January 22, 2016**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE